UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARRIE L. ORTIZ,  
    Plaintiff,

Case No. 18-10867

v.

COMMISSIONER OF
SOCIAL SECURITY,
    Defendant.

HON. AVERN COHN

_____/

## ORDER ADOPTING MAGISTRATE JUDGE R&R AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DOC. 16, 19, 21)

### I. INTRODUCTION

This is a social security case. Plaintiff, Carrie L. Ortiz, appeals the final decision of the Social Security Commissioner denying her application for Disability Insurance Benefits and Supplemental Security Income under the Social Security Act. The case was referred to a magistrate judge. (Doc. 21). After review of the motions, pleadings and ALJ decision, the magistrate judge recommended ("MJRR") Ortiz's motion for summary judgment be denied and the Commissioner's motion for summary judgment be granted. Ortiz has filed objections to the MJRR, and the Commissioner has filed a response. (Doc. 22, 24). For the reasons that follow, Ortiz's motion will be denied, and the Commissioner's motion will be granted.

### II. BACKGROUND

*A. Procedural History*

Plaintiff, Carrie L. Ortiz ("Ortiz"), filed an application for Disability Insurance Benefits, alleging a disability onset date of September 30, 2012. (Doc. 10, 23). Ortiz

was ultimately denied benefits by an Administrative Law Judge ("ALJ") and was denied review by the Appeals Council.

After a hearing, at which Ortiz and a vocational expert testified, the ALJ found that Ortiz did not qualify for benefits under the Social Security Act. The Appeals Council denied review, making the ALJ's decision the final decision of the Social Security Commissioner. Ortiz then commenced this action for district court review. After referral to a magistrate judge, the parties filed cross motions for summary judgment. The magistrate judge issued a report and recommendation, recommending that Ortiz's motion be denied, the Commissioner's motion be granted and the ALJ's decision be affirmed. Now before the Court are Ortiz's objections to the MJRR (Doc. 22) and the Commissioner's response (Doc. 24).

### B. ALJ Findings and Medical Evidence

Ortiz claims a disability onset date of September 30, 2012. (Doc. 10, 23). Ortiz's disability is a culmination of mild to moderate injuries to her nervous system; bilateral carpal tunnel syndrome; posttraumatic stress disorder; depressive disorder; adjustment disorder with mixed anxiety and depressed mood; irritable bowel syndrome; hypertension; pain disorder associated with both psychological factors and general medical conditions; insomnia; temporomandibular joint disorder; and history of eczema. (Doc. 21). The ALJ applied the five-step process in determining whether Ortiz has a disability within the meaning of the Social Security Act. 20 C.F.R. § 404.1520(a)(4).

At step one, the ALJ determined that Ortiz had not engaged in substantial gainful activity since the onset date of September 30, 2012. (Doc. 10).

At step two, the ALJ found that Ortiz's impairments were sufficiently severe.

At step three, the ALJ evaluated Ortiz's impairments and concluded that none of her impairments, alone or in combination, met or medically equaled the severity of a listed impairment in 20 C.F.R. Part 404, Subpart P, Appx. 1. A positive finding at step three renders the claimant disabled per se and ends the analysis. A negative finding, like the one here, does not automatically bar the claimant from benefits; rather the fact finder must continue to steps four and five to determine ability to work.

At step four, the ALJ found that Ortiz had the residual functional capacity to perform sedentary work subject to limitations:

> Ortiz requires unskilled work with one, two, or three-step instructions in a non-fast-rate production environment, defined as involving no conveyor belt or assembly line work; she can only have occasional and superficial contact with co-workers and supervisors; she cannot have any interaction with the general public; she requires only low-stress environments with only occasional changes in work setting. She can carry five pounds frequently, and ten pounds occasionally; she can stand and/or walk for a total of two hours in an eight-hour workday, but only for fifteen minutes at a time; she can sit for a total of six hours in an eight-hour workday, but only for a half-hour at a time. She can perform pushing and pulling motions with the aforementioned weight restrictions for no more than two-thirds of an eight-hour workday; she needs to be restricted to a 'relatively clean' work environment, meaning stable temperatures, stable humidity, and good ventilation that allows her to avoid concentrated exposure to dusts, fumes, gases, odors, and other pulmonary irritants. Lastly, she also requires that, in addition to normal breaks, she is off-task for up to nine percent of an eight-hour workday.

(Doc. 21). The ALJ found that Ortiz was not capable of performing her past relevant work as a bartender/waitress or teacher's aide.

At the final step, after considering Ortiz's age, education, work experience, RFC and the testimony of the vocational expert, the ALJ determined that there were a significant number of jobs that Ortiz could perform, including positions as a sorter and bench assembler.

On appeal, the magistrate judge reviewed the ALJ decision and found that it was supported by substantial evidence.

### C. Ortiz's Objections to the MJRR

Ortiz has three objections to the MJRR. (Doc. 22). First, Ortiz says that the magistrate judge failed to properly weigh the opinion of her treating physical medicine specialist, Todd Best M.D. (Doc. 16). She says that in his notes, Dr. Best writes that she requires replacement services such as cooking, cleaning, transportation, childcare and pet care because she cannot perform them on a sustained basis.[1] She says that Dr. Best's notes satisfy the definition of a medical opinion because it reflects his judgment about the nature and severity of her impairments.

Second, Ortiz says that the magistrate erred by accepting the vocational expert's testimony regarding the bench assembler position as consistent with the *Dictionary of Occupational Titles* (DOT). She says that, as per the DOT, a bench assembler is required to <u>frequently</u> handle parts. However, she says that she can only work for less than two-thirds of the average workday, which is considered 'occasional'. She says that she cannot perform the activities of a bench assembler within the limits of her residual functional capacity.

Third, Ortiz says that it is mathematically impossible to perform a full day of work with the sit and stand time-limitations included in her residual functional capacity (Doc. 22). She says that the residual functional capacity offered by the

---

[1] Sustained work meaning eight hours per day, five days per week. <u>Hines v. Barnhart</u>, 453 F.3d.559 (4th Cir. 2006).

ALJ would only provide for a maximum of six hours of work, which would not satisfy a complete eight-hour workday.

### III. STANDARD OF REVIEW

This Court has original jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review under this statute is limited in that the court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). This Court may not reverse the Commissioner's decision merely because it disagrees or because "there exists in the record substantial evidence to support a different conclusion." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc* ). "The substantial evidence standard presupposes that there is a 'zone of choice' within which the Commissioner may proceed without interference from the courts." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (citations omitted), citing *Mullen*, 800 F.2d at 545. *Wilkerson v. Commr of Soc. Sec.*, 278 F Supp 3d 956, 967 (ED Mich 2017).

The portions of the MJRR that the claimant finds objectionable are reviewed *de novo. See* 28 U.S.C. § 636(b)(1)(C); *Herriman v. Apfel,* 66 Soc. Sec. Reptr. Serv. 588, 2000 WL 246598, *1 (E.D.Mich.2000).

### IV. DISCUSSION

The Court finds that the MJRR is an accurate, well-reasoned review of the record. The MJRR is adopted in its entirety. The Court need only address Ortiz's specific objections at this stage of the case, and articulate reasons for why Ortiz's objections are overruled.

### *A. First Objection*

Ortiz says that the magistrate judge failed to properly weigh the opinion of her treating physical medicine specialist, Todd Best M.D. She says that Dr. Best noted that she required replacement services for cooking, cleaning, transportation, childcare and pet care because she could not perform them on a sustained basis. She says that Dr. Best's notes are synonymous with a medical opinion, as it reflects his judgment about the nature and severity of her impairments.

However, the MJRR was correct in finding that Dr. Best's observations did not equate to a medical opinion. "A treating physician's opinion is only entitled to such special attention and deference when it is a ***medical opinion***." Turner v. Comm'r of Soc. Sec., 381 Fed.Appx. 488, 492-93 (6th Cir. 2010) (citing §§ 404.1527(d). 416.927(d)) (emphasis in original). A doctor's underlying treatment notes generally do not constitute "medical opinions." Terrell v. Comm'r of Soc. Sec., 2013 WL 6192673 (E.D. Mich. 2012). In addition, the determination that an individual is "unable to work" is not a medical opinion, as it is the opinion of an issue reserved to the Commissioner. Dutkiewicz v. Comm'r of Soc. Sec., 509 Fed.Appx. 430, 432 (6th Cir. 2016); see Bass v. McMahon, 499 F.3d. 506, 511 (6th Cir. 2007) ("no special significance will be given to opinions of disability,

even if they come from a treating physician."). Accordingly, Ortiz's first objection is overruled.

### B. Second Objection

Ortiz says that the magistrate judge erred by accepting that the vocational expert's testimony regarding the bench assembler position was consistent with the DOT. She says that a bench assembler is required to <u>frequently</u> handle parts, and that working less than two-thirds of the average workday is considered 'occasional'. She says that as a result, she is unable to perform the duties of a bench assembler within the limits of a residual functional capacity.

However, the evidence supports the proposition that Ortiz can perform the duties of a bench assembler as identified by the vocational expert; see <u>DOT</u>, 521.687-086, 1991 WL 674226. The job of a bench assembler does not require fine or gross manipulation or reaching for more than two-thirds of a workday; rather, it requires reaching for ***up to*** two-thirds of a workday. <u>Id</u>. Thus, the job of bench assembler comports with the limitations placed on Ortiz (Doc. 24). Ortiz's second objection is overruled.

### C. Third Objection

Lastly, Ortiz says that it is mathematically impossible to perform a full day of work with the sit and stand time-limitations included in her residual functional capacity (Doc. 22). She says that the residual functional capacity described by the ALJ will only provide for a maximum of six hours of work, which does not satisfy a complete eight-hour workday.

Ortiz is limited to walking or standing for a total of two hours, but for a maximum 15 minutes at a time. In addition, she can sit for a total of six hours, but only for a half-

hour at a time. As the Commissioner has outlined in response to this objection, it is possible for Ortiz to satisfy these limitations in the average eight-hour workday. (Fig. 1). Ortiz can alternate between walking/standing for 7.5 minutes and sitting for a half-hour for the first five hours of a workday. This equates to a total of one hour of walking and four hours of sitting. For the remaining three hours, Ortiz can alternate between walking/standing for 15 minutes and sitting for a half-hour. This equates to an eight-hour workday—two hours of walking/standing; six hours of sitting.

**Figure 1.** Commissioner's Example Schedule

| Position | Time |
|---|---|
| Walk/Stand | 9:00am - 9:07am |
| Sit | 9:07am - 9:37am |
| Walk/Stand | 9:37am - 9:45am |
| Sit | 9:45am – 10:15am |
| Walk/Stand | 10:15am – 10:22am |
| **BREAK** | **10:22am - 10:37am** |
| Sit | 10:37am – 11:07am |
| Walk/Stand | 11:07am – 11:15am |
| Sit | 11:15am – 11:45am |
| Walk/Stand | 11:45am – 11:52am |
| Sit | 11:52am – 12:22pm |
| Walk/Stand | 12:22pm – 12:30pm |
| Sit | 12:30pm – 1:00pm |
| **LUNCH** | **1:00pm – 1:30pm** |
| Walk/Stand | 1:30pm – 1:37pm |
| Sit | 1:37pm – 2:07pm |
| Walk/Stand | 2:07pm – 2:22pm |
| Sit | 2:22pm – 2:52pm |
| Walk/Stand | 2:52pm – 3:07pm |
| **BREAK** | **3:07pm 3:22pm** |
| Sit | 3:22pm – 3:52pm |
| Walk/Stand | 3:52pm – 4:07pm |
| Sit | 4:07pm – 4:37pm |
| Walk/Stand | 4:37pm – 4:52pm |
| Sit | 4:52pm – 5:00pm |

Sitting: 5 hours, 8 minutes; Walking: 1 hour, 52 minutes; Break: 1 hour; Total: 8 hours.

Ortiz is not limited to the Commissioner's suggestion. There are several variations that permit an eight-hour workday that comport to her limitations. See (Fig. 2).

**Figure 2.** Court's Example Schedule

| Position | Time | Position | Time | Position | Time |
|---|---|---|---|---|---|
| Walk/Stand | 9:00am - 9:10am | Sit | 11:25am – 11:55am | Walk/Stand | 2:25pm – 2:35pm |
| Sit | 9:10am - 9:40am | Walk/Stand | 11:55am – 12:05pm | Sit | 2:35pm – 3:05pm |
| Walk/Stand | 9:40am - 9:50am | Sit | 12:05pm – 12:35pm | Walk/Stand | 3:05pm – 3:15pm |
| Sit | 9:50am – 10:20am | Walk/Stand | 12:35pm – 12:45pm | **BREAK** | **3:15pm – 3:30pm** |
| **BREAK** | **10:20am – 10:35am** | Sit | 12:45pm – 1:15pm | Sit | 3:30pm – 4:00pm |
| Walk/Stand | 10:35am – 10:45am | **LUNCH** | **1:15pm – 1:45pm** | Walk/Stand | 4:00pm – 4:10pm |
| Sit | 10:45am – 11:15am | Walk/Stand | 1:45pm – 1:55pm | Sit | 4:10pm – 4:40pm |
| Walk/Stand | 11:15am – 11:25am | Sit | 1:55pm – 2:25pm | Walk/Stand | 4:40pm – 4:50pm |
| | | | | Sit | 4:50pm – 5:00pm |

Sitting: 5 hours, 10 minutes; Walking: 1 hour, 50 minutes; Break: 1 hour; Total: 8 hours.

At oral arguments, Ortiz says that the ALJ stated that she had to be off-task for 9% of the day. In addition, Ortiz says that it takes up to 90 seconds to adjust herself

between standing and sitting, which takes up another 8% of the day. She says that in total, this requires her to be off-task for 17% of the day, which is work-preclusive.

However, Ortiz offers no evidence to support that it takes 90 seconds to switch between sitting and standing. Typically, it takes a negligible amount of time to switch between sitting and standing. If Ortiz has to adjust herself for 8% of the day when switching positions, as a result of her symptoms, that is contemplated within the 9% off-task figure expressed by the ALJ.

Although it is ***possible*** for Ortiz to work an eight-hour day, the Court is concerned that it is not ***practicable***. Ortiz's objection has merit; it would be difficult to maintain such a work schedule. That being said, the Court may not reverse the Commissioner on these grounds. The statute is clear; if work exists in the national economy that the claimant could adjust to, then the claimant is not disabled under the statute, and is not entitled to benefits. 20 C.F.R. § 404.1566. The statue states:

> We will determine that you are not disabled if your residual functional capacity and vocational abilities make it **possible** for you to do work which exists in the national economy, but you remain unemployed because of: [y]our inability to get work…[t]he hiring practices of employers…[or] [y]ou do not wish to do a particular type of work.

§404.1566(c)(1)-(8) (emphasis added). Nor will the Commissioner consider whether the claimant "would be hired if [the claimant] applied for work." § 404.1566(a)(3). The standard is simply whether or not it is possible for the claimant to perform work that exists in the national economy.

Since it is possible for Ortiz to perform work in the national economy, as a bench assembler, there is substantial evidence in the record to support the Commissioner's decision.

## V. CONCLUSION

For the reasons stated above, the MJRR is adopted in its entirety, Ortiz's motion for summary judgment (Doc. 16) is DENIED, the Social Security Commissioner's motion for summary judgment (Doc. 17) is GRANTED, and this case is DISMISSED

SO ORDERED.

                                                    s/Avern Cohn
                                                    AVERN COHN
                                                    UNITED STATES DISTRICT JUDGE

Dated: August 21, 2019
Detroit, Michigan